IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SOUTHEASTERN CARPENTERS AND MILLWRIGHTS HEALTH TRUST, SOUTHEASTERN CARPENTERS AND MILLWRIGHTS PENSION FUND, and Larry Phillips and J. Kirk Malone as trustees of those Funds,<br><br>    Plaintiffs,<br><br>v.<br><br>J.J. DAY, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 5:13-CV-25 (MTT) |

## ORDER

Before the Court is the Plaintiffs' Motion for Default Judgment. (Doc. 7). The Motion is **GRANTED**.

## I. BACKGROUND

The Plaintiffs are employee benefit plans – and their trustees – governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* (Doc. 1, ¶¶ 1-2). The Defendant is an Indiana[1] corporation and an ERISA employer. (Doc. 1, ¶ 3). The Defendant assented to a collective bargaining agreement that obligates it to pay fringe benefit contributions to the Plaintiffs. (Doc. 1, ¶ 8). Pursuant to that agreement, the manner in which the contributions are made is provided for in the

---

[1] Venue is proper in this Court because a substantial amount of the events giving rise to the Plaintiffs' claims occurred in the Middle District of Georgia, and the Defendant may be found in the Middle District. (Doc. 1, ¶ 6).

terms of the documents establishing and governing the Plaintiff funds.  (Doc. 1, ¶ 9; Docs. 10-4, 10-5, 10-6, 10-7).

According to these terms, the Defendant must pay contributions to the health trust and the pension fund for any given month by the 15th day of the following month.  Liquidated damages are assessed after the last day of the month in which contributions are due.  (Doc. 1, ¶ 10; Doc. 7-2 ¶ 4).  Angela Rye, an employee of the third party administrator of Plaintiff funds, testifies by declaration that the Defendant has not timely paid contributions due for the months September 2011, October 2011, and January 2012.  (Doc. 1, ¶ 10; Doc. 7-2, ¶ 5).  The Defendant owes $11,001.45 to the health trust and $14,565.30 to the pension fund, for a total of $25,566.75 in delinquent contributions.  (Doc. 1, ¶ 11; Doc. 7-2, ¶ 6).  Further, under the terms of the health trust and pension fund the Defendant has accrued $2,556.69 in liquidated damages.  (Doc. 1, ¶ 12; Doc. 7-2, ¶¶ 7-9).

The Plaintiffs filed suit January 18, 2013, seeking to collect the unpaid contributions, liquidated damages, interest, attorneys' fees, and expenses.  (Doc. 1).  The Plaintiffs served the Defendant with a Summons and copy of the Complaint on January 28, 2013.  (Doc. 5-1).  After the Defendant failed to respond within 21 days, the Clerk of the Court, at the Plaintiffs' request, filed an Entry of Default February 21, 2013, against the Defendant pursuant to Fed. R. Civ. P. 55(a).  On March 14, 2013, the Plaintiffs moved for Default Judgment against the Defendant pursuant to Fed. R. Civ. P. 55(b).  (Doc. 7).  Throughout these proceedings, the Defendant has failed to answer, plead, or otherwise defend this action.

## II. DISCUSSION

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys, Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). However, default judgment does not follow automatically from an entry of default. The Court also "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] As to requests for damages, the Court may conduct evidentiary hearings, although "no such hearing is required where all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

To correct problems that arise when employers fail to make promised contributions to employee benefit plans, Congress amended ERISA in 1980 to hold employers liable for delinquent payments. *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 545-46 (1988). Thus, every employer obligated to make contributions to a multiemployer plan under either the plan's terms or a collective bargaining agreement must make such contributions in accordance with the plan or agreement. 29 U.S.C. § 1145. Plan trustees may enforce this obligation by bringing an action in federal court pursuant to 29

---

[2] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

U.S.C. § 1132. *Laborers Health and Welfare Trust Fund*, 484 U.S. at 547. In any action by a fiduciary on behalf of a plan to enforce § 1145 in which judgment is awarded in favor of the plan, the court shall award the plan (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan; (D) attorney's fees; and (E) other relief deemed appropriate. 29 U.S.C. § 1132(g)(2)(A-E).

### A. Unpaid Contributions

The Defendant has not paid contributions it agreed to make to the health trust and pension fund. (Docs. 10-4, 10-6). Specifically, the Defendant owes $11,001.45 to the health trust and $14,565.30 to the pension fund, for a total of $25,566.75 in delinquent contributions. (Doc. 1, ¶ 11; Doc. 7-2, ¶ 6). This failure to pay pursuant to ERISA and the collective bargaining agreement is a breach of the Defendant's duties and obligations owed to the Plaintiffs. Taking these allegations as true, the Plaintiffs have stated a substantive cause of action that provides a sufficient basis for relief in these amounts.

### B. Interest

#### 1. Plaintiff Health Trust

In any action under § 1145 by a fiduciary on behalf of a plan, if judgment is made in favor of the plan the court shall award the plan interest on the unpaid contributions. 29 U.S.C. § 1132(g)(2)(B). Pursuant to terms of the health trust, to which the Defendant obligated itself under the collective bargaining agreement, if a payment is delinquent as of the first day of the month after the month in which payment was due, there is an additional late charge of 5 percent of the delinquent amount for each month or fraction

thereof that the delinquency continues. (Doc. 7-1 at 6; Doc. 10-5 at 6). Based on the $11,001.45 in unpaid contributions to the health trust in which interest has been calculated at 5 percent per month beginning in November 2011, December 2011, and March 2012, and continuing through February 2013, the Plaintiffs are entitled to recover from the Defendant $8,434.27. (Doc. 10-1 at 2).

### 2. Plaintiff Pension Fund

Pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on delinquent contributions to the Plaintiff pension fund, whose terms do not set a rate, is calculated according to 26 U.S.C. § 6621, 29 C.F.R. §§ 301.6621-1 and 301.6622-1, and Rev. Rul. 2012-32, Appx. A, Table of Interest Rates. *See* 2012 WL 5983946. This calculation yields a rate of 3 percent, producing $551.53 in interest on the $14,565.30 amount of unpaid contributions. The Plaintiffs are entitled to recover this interest.

Accordingly, the total interest from both funds to which the Plaintiffs are entitled is $8,985.80.

### C. Additional Statutory Damages

Pursuant to 29 U.S.C. § 1132(g)(2)(C), as a result of the underpayment the health trust and pension fund are additionally owed "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan." In this case, the amount owed in interest is $8,985.80, which is greater than the amount owed in liquidated damages, $2,556.69. (Doc. 1, ¶ 12; Doc. 7-2, ¶¶ 7-9). Accordingly, the Plaintiffs are owed an additional $8,985.80 in additional statutory damages.

**D. Attorneys' Fees and Expenses**

Pursuant to 29 U.S.C. § 1132(g)(2)(D), as a result of the Defendant's underpayment the health trust and pension fund are entitled to "reasonable attorney's fees and costs of the action, to be paid by the defendant." Counsel for the Plaintiffs has by declaration testified that through February 28, 2013, his associate attorney spent 34.3 hours on this matter. The associate attorney has a billable hourly rate of $230. (Doc. 7-3, ¶ 9). Counsel's paralegal has spent .1 hours this matter. The paralegal has a billable hourly rate of $180. (Doc. 7-3, ¶ 10). In sum, the Court calculates that the Plaintiffs' counsel has accrued $7,907 in attorneys' fees. Additionally, the Plaintiffs have incurred $411.10 in expenses associated with the litigation. That brings the total in fees and expenses the Plaintiffs are entitled to recover to $8,318.10.

## III. CONCLUSION

Given that the facts alleged in the Plaintiffs' Complaint state a substantive cause of action and provide a sufficient basis for the relief sought, their Motion for Default Judgment against the Defendant pursuant to Fed. R. Civ. P. 55(b) is **GRANTED**. Additionally, because the relief Plaintiffs seek is a sum certain that can be determined from the evidence in the record, the Court further **ORDERS** the following damages be awarded:

1. Unpaid contributions due to the health trust and pension fund for the months of September 2011, October 2011 and January 2012, pursuant to 29 U.S.C. § 1132(g)(2)(A), in the amount of $25,566.75;

2. Interest, in accordance with 29 U.S.C. § 1132(g)(2)(B), on all unpaid contributions in the amount of $8,985.80;

3. Additional statutory damages on unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C), in the amount of $8,985.80; and

4. The Plaintiffs' reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 1132(g)(2)(D), through February 28, 2013, in the amount of $8,318.10.

The sum of these damages is $51,856.45.

**SO ORDERED**, this 23rd day of April, 2013.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT